(No. 14568.—Circuit court reversed; award of Industrial Commission confirmed.)

VALENTINE JOBST, JR. *et al.* Defendants in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(ALBERT WAIBLE, JR., Plaintiff in Error.)

*Opinion filed June 21, 1922—Rehearing denied October 5, 1922.*

1. WORKMEN'S COMPENSATION—*contributory negligence is not a bar to recovery.* Contributory negligence is not a bar to recovery of an award under the Compensation act, but the sole question is whether the injury arose out of and in the course of the performance of some duty of the employment, and not how the particular duty was performed.

2. SAME—*when injury arises out of employment in construction work.* Where an employee was required to work upon a scaffold between the seventh and eighth stories of an eleven-story building in the process of construction and did not know how to operate the scaffold so as to let himself down, an injury sustained by attempting to slide down a rope at the close of the day's work arises out of his employment, where he was attempting to follow the example of an experienced fellow-employee who had safely descended in that manner before him.

WRIT OF ERROR to the Circuit Court of Peoria county; the Hon. JOHN M. NIEHAUS, Judge, presiding.

McGRATH & THURMAN, and HENRY KNELLER, for plaintiff in error.

MILLER, ELLIOTT & WESTERVELT, (JOSEPH L. JOHNSON, of counsel,) for defendants in error.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court:

Plaintiff in error, Albert Waible, Jr., was employed by defendants in error in the construction of an eleven-story building. Waible was nineteen years of age and had no previous experience in work of this character. He was working on a scaffold, removing forms from completed concrete work. At the close of the day on March 9, 1920, he was working on the scaffold between the seventh and eighth stories of the building. Harry Headley, who was working on the scaffold with Waible, slid down a rope which hung from the end of the scaffold and landed safely. Waible was not able to get down without lowering or raising the scaffold or sliding down the rope. The scaffold could with difficulty have been lowered or raised by one man if the operator had been experienced in such matters, but Waible's knowledge of operating a scaffold was limited to what he had learned during the two days he had worked on this scaffold and he says he did not know how to operate it by himself. In his attempt to slide down the rope he fell the latter half of the distance and broke some bones in his foot and ankle. The Industrial Commission found that he was entitled to receive compensation for nineteen weeks' temporary total incapacity, and that he was entitled to the further sum of $10.80 a week for fifty weeks for the reason that the injuries sustained caused the permanent loss of forty per cent of the use of his right foot. On review by *certiorari* the circuit court of Peoria county set aside the award of the Industrial Commission, and this writ of error is prosecuted to review that judgment.

The only question necessary for consideration is whether the injury to plaintiff in error arose out of his employment. In deciding this question it must be remembered that contributory negligence is not a bar to recovery under the Compensation act. (*Union Colliery Co.* v. *Industrial Com.* 298 Ill. 561; *Northwestern Iron Co.* v. *Industrial Com.*

(Wis.) 152 N. W. 416.)   In the former case *Jackson* v. *Denton Colliery Co.* 7 B. W. C. C. 92, was quoted with approval.   In that case it was said:   "The sole question in this cause is whether the man was outside the sphere of his employment.   It does not matter in the slightest degree how many orders he disobeyed or how bad his conduct may have been if he was still acting within the sphere of his employment and in the course of it and if the accident arose out of it."   The question in this case is, What was Waible doing at the time he was injured?—not, How was he doing it?   It must be conceded that he was acting within the scope of his employment when he was getting off the scaffold at the end of the day's work.   Theretofore the scaffold had been raised or lowered, as the case might be, so that he could climb through a window and descend by a stairway.   This would have been the safer method to have adopted, and it is not likely that he would have been injured if he had left the scaffold in the customary way.   He says that after Headley left him on the scaffold he became frightened, and that he did not know any other way to descend than to follow Headley down the rope.   He had seen Headley land safely, and it cannot be said that his attempt to descend by the same method amounted to a willful intention to injure himself.   Awards in similar cases have been affirmed in other jurisdictions.   (*Clem* v. *Chalmers Motor Co.* (Mich.) 144 N. W. 848; *Keyser* v. *Burdick & Co.* 4 B. W. C. C. 87.)   Under the authorities we think it clear that the injury arose out of the employment and that the award of the Industrial Commission should be sustained.

The judgment of the circuit court is reversed and the award of the Industrial Commission is confirmed.

*Judgment of circuit court reversed.*
*Award of Industrial Commission confirmed.*