(No. 15681.—Judgment affirmed.)

The Brooks Tomato Products Company, Plaintiff in Error, *vs.* The Industrial Commission *et al.*—(Joseph Rice, Defendant in Error.)

*Opinion filed February 19, 1924.*

1. Workmen's compensation—*negligence of employee is not material if accident arose out of and in course of employment.* In a compensation case it does not matter how negligently the employee may have acted at the time he was injured provided he was acting within the sphere of his employment and the accident arose out of it.

2. Same—*when injury arises out of employment.* Although an employee operating a machine on the first floor of a plant has had no experience with the rest of the machinery, an injury received by him when he attempted to jump on a moving freight elevator to go to the next floor to ascertain why the machinery had stopped arises out of his employment, where he violated no rule of the employer and it is admitted that it would have been proper for him to make the investigation had he known how to correct the trouble.

Writ of Error to the Circuit Court of Madison county; the Hon. J. F. Gillham, Judge, presiding.

William P. Boynton, for plaintiff in error.

W. J. MacDonald, for defendant in error.

Mr. Justice Thompson delivered the opinion of the court:

Defendant in error, Joseph Rice, a young man seventeen years of age, was employed by plaintiff in error, the Brooks Tomato Products Company, which conducts a plant in the city of Collinsville where tomato products are manufactured. September 14, 1920, about eight o'clock P. M., he was caught between the floor of a freight elevator and the second floor of the building in which he was employed and suffered an injury to his left hip. The arbitrator to whom the cause was referred for hearing found that the

injury arose out of the employment of defendant in error; that he was entitled to $7.69 a week for fourteen and one-seventh weeks as compensation for the time he was totally incapacitated, and to the sum of $7.69 a week for a period of seventy weeks as compensation for injuries sustained which caused the permanent loss of forty per cent of the use of his left leg. Plaintiff in error, contending that there was no evidence showing that the injury arose out of the employment, obtained a review before the Industrial Commission. The commission confirmed the award of the arbitrator and its decision was sustained on *certiorari* by the circuit court of Madison county. This writ of error is prosecuted by leave to review the cause.

Rice testified that he had been employed by plaintiff in error five days when he was hurt; that at first he did odd jobs around the plant; that later he helped transfer tomatoes from the cars to the factory; that he also carried bottles from the cars into the factory and transferred them from one floor to another; that he carried bottles from the second floor to the first floor, where they were filled with catsup; that on the day he was injured he was operating a capping machine, which was located on the first floor; that the bottles were filled by an automatic filling machine and were carried by a conveyer to the capping machine, which he was operating; that he pressed a metal cap on each bottle by operating a lever; that he was working over-time at the time he was hurt; that the filling machine became clogged and there were no bottles to be capped; that Ossala, an employee who was operating a filling machine, started up-stairs on the elevator and that Rice ran and jumped on-to it after it had left the floor; that the gate which protected the elevator shaft fell and caught him, and before he could release himself or the elevator could be stopped he was injured.

Russell Davis, foreman of the department where Rice was employed, testified that Ossala was the only employee

who knew how to keep the catsup running into the filling machine and that he was the one who was expected to look after that part of the work; that Rice was not experienced in that work and that all he was expected to do on the day he was injured was to operate the capping machine; that his work that day did not call him to the second floor of the building and that he was not expected to go up there to ascertain the trouble when the catsup ceased to flow. Davis admits that he did not give Rice any instructions whatever with reference to whether he should go to the second floor to ascertain the cause of the stoppage and that it would have been all right for Rice to correct the trouble if he had been experienced in that line; that no instructions were given to anyone regarding the matter, but that Ossala was expected to take care of the filler because he was the one who knew how to do it.

John Ossala testified that he was operating a filling machine on the first floor of the building and that Rice was working opposite him at the capping machine; that the flow of catsup stopped and he started up-stairs to ascertain the trouble; that Rice attempted to jump onto the elevator after it had left the floor and was caught and injured; that he did not tell Rice to follow him nor did he tell him not to come; that it was the custom for the different employees to use the elevator in going from one floor to another, and that whoever had occasion to use it operated it.

The sole question in this case is whether Rice by his conduct took himself outside the sphere of his employment. It does not matter how bad his conduct may have been nor how negligently he may have acted at the time he was injured if he was still within the sphere of his employment and if the accident arose out of it. (*Jobst* v. *Industrial Com.* 303 Ill. 599; *Union Colliery Co.* v. *Industrial Com.* 298 id. 561; *Alexander* v. *Industrial Board,* 281 id. 201.) The question in this case is, What was Rice doing at the time he was injured?—not, How was he doing it? The fact

that he attempted to go to the second floor of the building to ascertain the cause of the stoppage of the flow of catsup which interrupted his work makes no difference. The question presented is just the same as if he had gone to a tank situated in the same room as the machine at which he was employed. Rice admits frankly that he had not been instructed to go to the second floor to find the cause of the interruption and admits that it was not a part of his duties to keep the catsup flowing into the filling machine. He does not seek to shield himself from blame in the matter but admits freely that his careless act contributed to his injury. We are impressed with the frankness of his story of the accident. If he had not been so free in accepting blame for his misconduct there would be little, if any, evidence in the record to support the contention of plaintiff in error. The foreman admits that he gave Rice no instructions whatever concerning his duties in the event his work was interrupted by a stoppage in the flow of catsup. Rice had been employed at the plant only a few days and during that time he had worked on all the floors and all about the premises. The only reason the foreman assigns for Rice not being expected to correct the trouble on the second floor is that he was inexperienced. He admits that it would have been all right for Rice to make the investigation and correction if he had known how to do it. If that be true it cannot be said that Rice took himself out of the sphere of his employment when he followed his fellow-workman to learn the cause of the interruption in his work and to learn how to correct the trouble. While Rice was under no obligation to go to the second floor and make the adjustment which would permit him to continue his work, he was violating no instructions of his employer in going there. He was promoting the interests of his employer in doing that which would permit him to resume his work, and we think that the record justifies the conclusion reached by the commis-

sion that his injury arose out of his employment. This conclusion is in harmony with the principles of law announced in *Dietzen Co.* v. *Industrial Board,* 279 Ill. 11, *Fairbank Co.* v. *Industrial Com.* 285 id. 11, and *United States Fuel Co.* v. *Industrial Com.* 310 id. 85, although the facts in those cases did not justify an award.

The judgment is affirmed.              *Judgment affirmed.*